IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NB GATHERING IX PREF, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3491-K |
| | § | |
| PATRICK NELSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff NB Gathering IX Pref, L.L.C.'s Motion for Summary Judgment Based on Breach of Contract (Doc. No. 20) and supporting brief (Doc. No. 21) (the "Motion") as well as Appendix in Support (Doc. No. 22). In opposition to the Motion, Defendant Patrick Nelson ("Defendant") filed a Response (Doc. No. 26), supporting brief (Doc. No. 27) (the "Response"), and Appendix in Support (Doc. No. 28). Plaintiff then filed a Reply (Doc. No. 29) in support of its Motion. The Court has carefully considered the Motion, the Response, the Reply, the supporting appendices, the relevant portions of the record, and the applicable law. The Court finds Plaintiff established beyond peradventure each element of its breach of contract claim. Therefore, the Court **GRANTS** the Motion as to Defendant's liability for Plaintiff's breach of contract claim. Because Plaintiff moved for summary judgment

only on its claim for breach of contract and not on damages, any damages award remains to be determined.

## I. Factual Background

The Court sets forth only the undisputed facts relevant to and necessary for determining this Motion. Plaintiff NB Gathering IX Pref, L.L.C.'s ("Plaintiff") entered into an Operating Agreement with NP Equity, LLC ("NP Equity") on June 22, 2018, thereby forming NB Gathering JV, LLC (the "Joint Venture"). Plaintiff is the preferred member of the Joint Venture and NP Equity is the sponsoring member. There are no other members. In the Operating Agreement, Plaintiff agreed to an initial equity investment of $12.5 million in the Joint Venture which was required to be repaid in full under terms set forth in the Operating Agreement and within one year from the execution of the Operating Agreement. Contemporaneously with the Operating Agreement, Defendant Patrick Nelson ("Defendant") executed a Guaranty Agreement in which Defendant guaranteed repayment if the Joint Venture defaulted on its repayment obligations under the Operating Agreement.

By June 22, 2019, the Joint Venture made some repayments but not all as required under the Operating Agreement. Plaintiff then notified Defendant of the Joint Venture's default and demanded the remaining amount due under the Operating Agreement and Guaranty Agreement. Plaintiff and Defendant entered into a

Forbearance Agreement on August 29, 2019, and then an Amended Forbearance Agreement in December 2019, extending the repayment timeframe in an attempt to resolve the outstanding balance owed to Plaintiff. Ultimately, Plaintiff filed this lawsuit when the repayment obligations were not satisfied and negotiations between the parties failed. Plaintiff asserts a sole cause of action against Defendant for breach of the Guaranty Agreement. Am. Compl. (Doc. No. 6) at 5.

## II.     Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fed.R.Civ.P. 56(a)). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party will have the burden of proof on a claim, "the party 'must establish beyond peradventure all of the essential elements of the claim.'" *Eguchi v. Kelly*, Civ. Action No. 3:16-CV-1286-D, 2017 WL 2902667, at *1 (N.D. Tex. July 7, 2017)(Fitzwater, J.) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th 1986)). "[T]he 'beyond peradventure' standard is 'heavy.'" *Id.* (internal citations omitted).

### III. Analysis

Plaintiff asserts a single claim against Defendant for breach of the Guaranty Agreement. In its Motion, Plaintiff contends New York law applies to this claim as provided for in the Guaranty Agreement. Mot. (Doc. No. 21) at 6; *see* Ex. to Am. Compl. (Doc. No. 6-1) at 8, ¶16(a). Defendant does not dispute this in his Response. To establish a breach of contract claim under New York law, Plaintiff must show: (1) the existence of an agreement; (2) adequate performance of the contract by Plaintiff; (3) breach of the contract by Defendant; and (4) damages. *Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc.*, 333 F.Supp.3d 307, 311-12 (S.D.N.Y. 2018).

In its Motion, Plaintiff puts forth arguments on each element of its claim to show there is no disputed material fact. In his Response, Defendant makes several admissions with respect to these breach of contract elements that effectively establish Plaintiff's entitlement to summary judgment on this claim. Defendant states that "it is undisputed that a valid and enforceable Guaranty Agreement and Forbearance Agreement existed between the parties." Resp. (Doc. No. 27) at 6. Defendant specifically states that he "does not dispute the breach" occurred. Resp. at 1. Defendant also "acknowledges that certain amounts are still due and owing under the Operating Agreement and admits that as guarantor, he has an obligation to make those

payments." Resp. at 2 & 6. Furthermore, Defendant does not dispute Plaintiff's argument related to its performance of the underlying contract.

Defendant does not raise any genuine issue of material fact with respect to his liability for this claim. Accordingly, based on the summary judgment record, the Court concludes Plaintiff is entitled to summary judgment on its breach of contract claim as there is no disputed material fact with respect to Defendant's liability for breach of the Guaranty Agreement. *Schanfield v. Sojitz Corp. of Am.*, 663 F.Supp.2d 305, 348 (S.D.N.Y. 2009) (court concluded there was no disputed issue of material fact regarding plaintiff's breach, "indeed [plaintiff] admits to the activity that breached the agreement" and *sua sponte* granted summary judgment in favor of defendant on its breach of contract counterclaim).

What Defendant does dispute is the amount of damages claimed by Plaintiff as a result of the breach. Resp. at 7. Defendant attacks Plaintiff's summary judgment evidence, specifically the Declaration of Chuck Crouch (the "Declaration") and the attached "Investment Ledger", arguing these are incompetent summary judgment evidence. Defendant contends the Declaration is purely conclusory with no factual support for the stated damages of $5,237,365.25. Resp. at 5-6. Defendant also argues the Investment Ledger provides no actual explanation of its damages calculation and

ORDER – PAGE 5

no basis in the Guaranty Agreement for the numerous monetary amounts which make up Plaintiff's damages calculation. *Id.*

Whether Defendant's evidentiary arguments are valid need not be addressed by the Court for purposes of this analysis. By its Motion, Plaintiff does not specifically request nor make any argument for entry of summary judgment on the damages issue, which is separate from Defendant's liability on the breach of contract claim. Plaintiff contends that it is entitled to summary judgment on its breach of contract claim because there is no genuine dispute of material fact. *See* Mot. at 1, 6, 7, & 8. Plaintiff's only reference to damages appears in relation to its argument on the fourth element of the breach of contract claim—whether "Defendant's breach has caused damage to Plaintiff." Mot. at 8. In moving for summary judgment only on its breach of contract claim, Plaintiff need only show damages attributable to Defendant and Defendant admits there are still amounts owed to Plaintiff. *See, e.g.,* Resp. at 6-7; Answer (Doc. No. 11) at 2, ¶11; 3, ¶15.

The Court is not concerned at this time with the specific amount of damages Plaintiff may have incurred as a result of the breach because that issue is not before the Court on this Motion. The question is simply whether Plaintiff has established that it was damaged as a result of Defendant's breach, not the amount of damages caused. *See Martell Strategic Funding LLC v. Am. Hosp. Academy*, 12-CV-627(VSB), 2019

WL632364, at *7 (S.D.N.Y. Feb. 14, 2019) (to prove a breach of contract claim, "a plaintiff must show damages attributable to the breach" but is not required to also prove damages to succeed on the claim); *see also Schanfield*, 663 F.Supp.2d at 348 (plaintiff's liability for defendant's breach of contract counterclaim was not negated because defendant did not produce evidence of its damages); *cf. id.*("It is a well-settled tenet of [New York] contract law that even if the breach of contract caused no loss or if the amount of the loss cannot be proven with sufficient certainty, the injured party is entitled to recover as nominal damages a small sum fixed without regard to the amount of the loss, if any.").

Even if the Court were to consider the damages issue on this Motion, which it does not, the Court could not award a specific amount of damages to Plaintiff based on this summary judgment record.  Because it will have the burden of proving the amount of damages at trial, Plaintiff "must establish beyond peradventure" that it is entitled to summary judgment on the damages issue as a matter of law.  *See Fontenot*, 780 F.2d at 1194; *see also Eguchi*, 2017 WL 2902667, at *1  (the peradventure standard is a "heavy" one).  Plaintiff fails to establish as a matter of law that it is entitled to $5,237,365.25, the damages amount set forth in the Motion as neither the Declaration nor the Investment Ledger adequately explain the damages calculation or the various monetary amounts included therein, particularly with respect to the underlying

contract giving rise to this claim.  Plaintiff asserts in its Reply that Defendant does not raise a disputed material fact issue with respect to the damages amount or calculation.  But that would be a moot point were the Court to consider this—the burden never shifted to Defendant because Plaintiff failed to meet its own initial burden.

## IV.    Conclusion

Because there is no disputed material fact as to Defendant's liability for breach of the Guaranty Agreement, the Court **grants** Plaintiff's Motion for Summary Judgment on its claim for breach of contract.  The Court **denies** all other relief.  The damages issue remains to be determined.

**SO ORDERED.**

Signed February 4th, 2022.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE